UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:20-cv-00260-AGF |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Rodney Rowe was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further proceedings.

## BACKGROUND

The Court adopts Plaintiff's Statement of Material Facts (Doc. No. 19-1), which the Commissioner has admitted in part and supplemented. (Doc. No. 26-1). Together, these statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this suit.

Plaintiff, who was born on August 17, 1966, filed his applications for Disability Insurance Benefits and Social Security Income on February 8, 2018.  The ALJ considered whether Plaintiff was disabled beginning December 22, 2017, due to degenerative disc disease of the cervical and lumbar spines, a history of contracture of the hands bilaterally, hypertension, and alcohol dependency and drug use.  Tr. 14.  On June 14, 2018, Plaintiff's applications were denied at the administrative level, and he thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 5, 2019, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  By decision dated January 16, 2020, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spines and a history of contracture of the hands bilaterally.  The ALJ found Plaintiff's hypertension is nonsevere because Plaintiff testified that it is controlled with medication and he has no history of heart failure, heart attacks, hypertensive retinopathy, or end stage organ damage.  The ALJ further found Plaintiff's alcohol dependency was nonsevere as Plaintiff has not required substance abuse treatment or developed complications such as cirrhosis of the liver.  The ALJ concluded Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of "light" work, as defined by the Commissioner's regulations, in that:

2

> [Plaintiff] can lift or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk 6 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He is limited to frequent, not constant, handling, fingering, and feeling. He cannot reach overhead. The claimant should avoid concentrated exposure to extreme could, excessive vibrations, hazardous machinery, and unprotected heights.

Tr. 15.

The ALJ next found that Plaintiff could perform certain unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (marker, router clerical, photocopy machine operator), which the VE testified that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy.  Tr. 18.  Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.

Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration.  He submitted additional evidence to the Appeals Council: imaging reports from Pemiscot Memorial Hospital, treatment records from Pemiscot Memorial Hospital, and a letter dated February 17, 2020 and medical source statement dated July 21, 2020 from Plaintiff's treating physician Abdullah Arshad, M.D.  Tr. 2. The Appeals Council determined the imaging report was not new evidence, as it was a copy of evidence already in the record, and the treatment records do not show a reasonable probability that they would change the outcome of the decision.  *Id*.  Next, the Appeals Council determined the letter and medical source statement from Dr. Arshad

do not relate to the period at issue, as they were written after the ALJ decided the case on January 22, 2020. The Appeals Council denied Plaintiff's request for review. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the RFC is not supported by substantial evidence based on the record as a whole for two reasons: 1) the ALJ improperly assessed Plaintiff's functional capacity to handle, finger, and feel with his hands as well as his capacity to walk or stand and 2) the ALJ failed to properly assess the opinions of non-examining state consultative examiner Renu Debroy, M.D. and consultative examiner Lauren Hardy, PA-C. Plaintiff asks that the ALJ's decision be reversed and that he be awarded full benefits, or alternatively, that the case be remanded for further development of the record. For the reasons set for below, the case will be reversed and remanded for further development of the record.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (cleaned up and citations omitted). A

4

reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. §§ 404.1520 and 415.920, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's

impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of production shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform other work that exists in significant numbers in the national economy and that is consistent with the claimant's vocational factors. *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). "However, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**Improper Assessment of Plaintiff's Functional Capacity**

Plaintiff argues that the ALJ erred in determining he retained the capacity to handle, finger, or feel frequently with his hands and stand or walk. Although "there is no requirement that an RFC finding be supported by a specific medical opinion," an RFC "is a medical question [and, therefore,] an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley*, 829 F.3d at 932.

6

As noted above, the ALJ found that Plaintiff could perform jobs falling within the category of "light work," including finding that Plaintiff could stand and/ or walk for six hours out of an eight-hour workday and frequently handle, finger, and feel.  The Court agrees with Plaintiff that these findings are not sufficiently supported by medical evidence.

**Handling, Fingering, and Feeling**

The ALJ determined that Plaintiff has the RFC to frequently handle, finger, and feel with his hands.  He noted that during a consultative examination in April of 2018, Plaintiff could not perform dorsiflexion of his wrists, fully extend his fourth and fifth fingers on his left hand and second through fifth fingers on this right hand, had decreased grip strength on both hands, but retained full strength in his upper extremities.  Tr. 16.  The ALJ found these findings "somewhat contrary."  *Id*.  He further noted orthopedic surgeon J. Stanley Jones performed surgery on Plaintiff's right hand in July of 2019.  While recovering, Plaintiff had limited range of motion in his fist, but could make a full loose fist and extend his fingers to neutral.  Plaintiff continued to complain of difficulty bending his index finger and numbness in his right hand, but the ALJ found Dr. Jones "did not note objective sensation loss, weakness, or restricted range of motion, only 'pain with movement' of the right hand."  *Id*.  As such, the ALJ found "that the clinical signs and findings after surgery are inconsistent with an inability to lift or carry even 10 pounds frequently or frequently handle, finger, or feel."  Tr. 16-17.

Plaintiff argues the record as a whole shows significantly greater restrictions in his capacity to use his hands than are contained in the RFC and the ALJ improperly found the surgery improved the condition of his hands far more than it actually did. The record prior to the hand surgery shows significant limitations in Plaintiff's ability to use his hands. In addition to the consultative examination performed by Ms. Hardy, Plaintiff stated in his self-assessment that he requires assistance getting dressed, bathing, and going to the bathroom. Tr. 317. He cannot cook—only microwave a meal. Tr. 318. The form indicated Kianna Rowe, Plaintiff's daughter, filled out the self-assessment because Plaintiff was unable to control his hands. Tr. 323, 326.

As referenced above, on July 5, 2019, Plaintiff had surgery on his right hand. At a follow up visit on August 15, 2019, Plaintiff stated his fingers still did not move well, he was stiff, and had numbness in his hand. Tr. 423. The notes indicate no obvious swelling and found Plaintiff "is able to make a loose fist actively except with the index finger which will not flex actively. Passively he can make a full fist. Passively the fingers extend to neutral but he cannot actively fully extend." Tr. 423. The next month, Plaintiff returned for a second follow-up visit. He indicated that his hand and fingers were numb, he could not bend his index fingers, and he had pain in his right hand with movement. Tr. 420. Dr. Jones suggested a right hand EMG/NCS, Tr. 421, but it does not appear that Plaintiff scheduled the procedures. Dr. Jones did not comment on any objective sensation loss, weakness, or restricted range of motion. *Id*.

Plaintiff testified at the hearing that the surgery "did good, but my arm still won't extend. But, it took the pressure off it, but it didn't release these fingers." Tr. 156. Plaintiff explained he requires an assistive device to button his shirts and zip his pants and he cannot tie his shoes. Tr. 159. Dr. Jones noted two months after surgery that Plaintiff could not bend his finger and recommended he undergo an EMG and nerve conduction study. Furthermore, the evidence in the record indicated Plaintiff also had significant restrictions on his left hand, which were not impacted by the surgery. The ALJ does not address Plaintiff's capacity to use his left hand.

The ALJ's conclusion that Plaintiff can frequently finger, handle, or feel with both hands is not supported by substantial evidence. The ALJ determined Plaintiff's condition was improved by the surgery on his right hand because Dr. Jones did not note objective sensation loss, weakness, or restricted range of motion. Tr. 16. "[T]he absence of an opinion does not constitute substantial evidence supporting" the RFC. *Laurel v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). In light of the significant evidence in the record showing Plaintiff had restrictions in both hands even after his surgery, the RFC with respect to Plaintiff's hands is not supported by the record as a whole.

**Use of a Walker**

Plaintiff further claims the ALJ improperly assessed his ability to walk and stand. The ALJ concluded Plaintiff could stand or walk up to 6 hours in an 8-hour workday, can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl. Tr. 15. The ALJ noted Plaintiff claimed he was prescribed a walker

9

secondary to poor balance, but the treatment notes from his treating physician Dr. Arshad were not submitted as evidence.   Tr. 16.   The ALJ found "the limited clinical signs and findings, [Plaintiff's] limited treatment history, and the mild objective testing are inconsistent with reports he could not walk more than 500 feet or stand longer than 15 to 20 minutes at a time."   Tr. 16.

Plaintiff argues the ALJ improperly disregarded his complaints of pain with movement, as the record indicates that Plaintiff did require a walker and had significant difficulty walking.   Plaintiff contends that both the record before the ALJ and two opinions submitted by Plaintiff's treating physician Dr. Arshad to the Appeals Council support his use of a walker.   The Commissioner responds that the ALJ pointed to inconsistencies with Plaintiff's limitations—for example, Plaintiff had 4 out of 5 leg strength on examination, intact sensation, normal neurological findings, and benign lumbar imaging.   Tr. 16.

The record before the ALJ contained evidence showing Plaintiff required the use of a walker.   Plaintiff testified at the hearing before the ALJ that he could not walk without a walker and one was prescribed by his treating physician.   Tr. 157.   Ms. Hardy noted at the consultative examination that Plaintiff reported difficulty walking and required the use of a walker at all times.   Tr. 397, 400.   Based on her examination, she noted Plaintiff had "decreased ROM in the lower extremities," "has significant difficulty with positional changes," and "is unable to rise from a seated position without the help of

10

his walker." *Id*. at 400.   Additionally, Plaintiff's hand surgeon, Dr. Jones, noted Plaintiff ambulated with a walker at his appointments.   Tr. 421.

Nevertheless, the ALJ discounted Plaintiff's testimony that he required a walker because the treatment notes from his treating physician were not part of the record.   Tr. 16.   Plaintiff then submitted a letter and an opinion indicating he required an assistive device to walk from Dr. Arshad, his treating physician, to the Appeals Council.   The Appeals Council concluded the evidence from Dr. Arshad was not relevant because it post-dated the ALJ's decision.   Tr. 2.

The Appeals Council will review an ALJ's decision if it receives additional evidence that is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."   20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Evidence submitted to the Appeals Council is material when it relates to the claimant's condition for the time period for which benefits were denied, and not to "after-acquired conditions or post-decision deterioration of a pre-existing condition."   *Bergmann v. Apfel,* 207 F.3d 1065, 1069-70 (8th Cir. 2000).   *See also Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1997) (new evidence concerning subsequent deterioration of a previously non-disabling condition is not material).   The Appeals Council's failure to consider such evidence "may be a basis for remand by a reviewing court."   *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).   *See also Whitney v. Astrue*, 668 F.3d 1004,

11

1006 (8th Cir. 2012).   Whether evidence is new, material, and related to the adjudicated period is a question of law the court reviews de novo.   *Box*, 52 F.3d at 171.

Plaintiff submitted a narrative opinion and medical source opinion from Dr. Arshad to the Appeals Council.   In the narrative opinion, Dr. Arshad opined that Plaintiff could rarely lift or carry 10 pounds or less and never lift or carry more.   Tr. 29.   Further, he found Plaintiff could never twist, stoop, balance, crouch, crawl, or climb and could only occasionally reach, handle, finger, or feel.   *Id*.   Dr. Arshad found Plaintiff could sit for up to 20 minutes at a time and stand for one hour and 20 minutes at a time.   *Id*.   Dr. Arshad stated Plaintiff required the use of a cane for ambulance, pain and dizziness, and "uses assistive devices to walk."   Tr. 30, 147.

Plaintiff contends the Appeals Council erred when it declined to consider the new evidence, as it is related to the period at issue and is relevant to his condition.   The Commissioner claims the Appeals Council considered the opinions and determined they would not have changed the ALJ's opinion.   However, the Appeals Council did not determine whether Dr. Arshad's opinions would have changed the ALJ's opinion.   Instead, it found the evidence does not relate to the period at issue, as both opinions were dated after the ALJ issued his decision.   Tr. 2.

Dr. Arshad's opinions are new, material, and relate to the period on or before the ALJ's decision date.   The evidence is new because it is Plaintiff's treating physician's first opinion as to the extent of his limitations.   The evidence is also material and related to the relevant period; it describes Plaintiff's cervical disc disease, cervical radiculopathy,

12

and bilateral upper extremity weakness and deformity and the limitations these conditions impose on Plaintiff. *See Bergmann*, 207 F.3d at 1070 (medical reports from post-hearing visits to a psychiatrist which "continue to discuss the medical condition presented to the ALJ, but provide a more specific and conclusive diagnosis regarding [Plaintiff]'s disability and work capacity" are material). As such, it was error for the Appeals Council to decline to consider these opinions.

Upon remand, the ALJ should appropriately review and reevaluate the current evidentiary record, including Dr. Arshad's opinions and other medical evidence regarding Plaintiff's physical abilities, particularly with respect to standing and/or walking, handling, fingering, and feeling and should further develop the record as necessary to formulate an RFC.

## Remaining Arguments

Plaintiff further contends that the ALJ improperly dismissed the opinion of Ms. Hardy, a consultative examiner, and improperly relied upon the opinion of State agency medical consultant Dr. Debroy. In light of the remand and reevaluation of Plaintiff's RFC, the ALJ shall likewise reassess the medical opinion evidence, including the opinions of Ms. Hardy and Dr. Debroy.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner in denying benefits is **REVERSED** and the action is **REMANDED** for further proceedings

13

consistent with the above.

A separate Judgment shall accompany this Memorandum and Order.

                                                    _____
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated on this 18th day of August, 2022.